G. Thomas Montgomery, et al.

v.

Columbia Knoll Condominium Council
of Co-Owners

Record No. 831168

June 13, 1986

Present: All the Justices

*John Dalonas* for appellants.

*John E. Coffey (David S. Mercer; Thomas & Fiske, P.C.*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The dispositive issue in this appeal is whether a condominium owners' association has the authority to replace windows within an individual condominium unit and to assess the owner the cost thereof without the unit owners' consent.

The parties have stipulated the facts. G. Thomas Montgomery and Patricia B. Montgomery own in fee simple one unit in the Columbia Knoll Condominium (the Condominium). The Columbia Knoll Condominium Council of Co-owners (the Council), an association of all unit owners, is responsible for the administration of the Condominium.

The Condominium units do not have individual meters for electrical and gas consumption. Therefore, the utility expenses are apportioned among the unit owners according to the size of their units. Based upon professional advice, the Council's board of directors recommended the replacement of all windows in the Condominium with insulated windows as the most effective means of reducing the common utility expenses.

At a meeting of the Council, a majority of the unit owners present voted to replace all the windows at a cost of $125,399.06. The Montgomerys were among the 29% present who opposed the expenditure.

Consequently, the Montgomerys instituted a declaratory judgment proceeding to challenge the Council's authority to replace the windows in their unit and to assess them the cost thereof without their consent. The trial court ruled that the Council acted within its authority, reasoning that "there exists a direct, tangible, demonstrable connection between the [Council's proposed action] and the common good." The Montgomerys appeal. The Condominium Act, Code § 55-79.39, *et seq.*, provides in part:

[A]ll powers and responsibilities with regard to maintenance, repair, renovation, restoration, and replacement of the condominium shall belong (1) to the [Council] in the case of the *common elements*, and (2) to the individual unit owner in the case of any *unit or any part thereof.*

Code § 55-79.79. (Emphasis added.)

The Council does not dispute that the windows in the Montgomerys' unit are "part" of their unit. Indeed, the Condominium's master deed expressly defines a "unit" as including the windows. Thus, the Montgomerys contend that, because the win-

dows are part of their unit and not "common elements," the Council has no authority to replace them.

■ The Council, on the other hand, contends that it had authority to install the insulated windows because its action was a "reasonable [restriction] on the use of units" and "serve[s] the best interest of all of the [unit] owners."* In support of this contention, the Council cites the following provision of the Condominium's bylaws:

VI/SECTION 2. *Maintenance and Repair.*

(a) Every co-owner must perform promptly all maintenance and repair work within his own [unit] which, if omitted, would affect the Project and its entirety or in a part belonging to other co-owners, and is expressly responsible for the damages and liabilities which may result from his failure to do so.

The Council's reliance upon this provision is misplaced. This provision clearly is limited to "maintenance and repair," terms which, by definition, do not include improvements. "Maintenance" means to preserve or to keep "in a state of repair," *Webster's Third New International Dictionary*, 1362 (1981), and "repair" means to fix or "restore . . . what is torn or broken." *Id.* at 1923.

The installation of insulated windows clearly is an improvement — an enhancement in quality — to the individual units; it cannot be characterized as maintenance or repair. Nothing in the statute or the Condominium instruments authorizes the Council to improve the Montgomerys' unit against their will and at their expense. We conclude, therefore, that the Council exceeded its authority.

Accordingly, we will reverse the judgment of the trial court and enter a final judgment in favor of the Montgomerys.

*Reversed and final judgment.*

---

*The Council relies in part on Article VI, Section 6 of the Condominium's bylaws to support its assertion of authority. We find no merit to this argument. Section 6, entitled *"Rules of Conduct,"* governs the *conduct* of the unit owners, assuring the aesthetics of the common elements and the safety and peaceful enjoyment of all owners. Section 6 has no application whatsoever to the Council's authority over the unit owners' fee simple interest in their individual units.